UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENE THOMAS DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01267-TWP-TAB |
| | ) |
| US PRESIDENTIAL TASK FORCE, | ) |
| | ) |
| Defendant. | ) |

**Entry Dismissing Complaint for Lack of Jurisdiction
and Directing Entry of Final Judgment**

It has come to the Court's attention that this matter lacks subject-matter jurisdiction. ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)" (citing *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 93–102 (1998))); *Lewis v. Local Union No. 100 of Laborers' Int'l Union of N. Am., AFL-CIO*, 750 F.2d 1368, 1377 n.11 (7th Cir. 1984). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). For the reasons explained below, there is a complete absence of a plausible federal claim alleged in the amended complaint and "[t]he Supreme Court has frequently said that a suit which is frivolous does not invoke the jurisdiction of the federal courts. . . ." *Crowley Cutlery Company v. United States*, 849 F.2d 273 (7th Cir. 1988).

Plaintiff Gene Thomas Davis filed this civil action against the U.S. Presidential Task Force (FBI/DEA) on April 26, 2018. He paid the full filing fee at that time. The complaint alleges that Mr. Davis is a resident of Greenfield, Indiana. His complaint alleges the following:

> I have been a victim of subversion for 13yrs. I have an illegal Artificial Intelligence (AI) implanted in my body. It has been used to illegally charge me with crimes it setup and been pschologically torturing me. I am requesting damages for massive violations of my rights and the law, and for conspiracy against my rights I have been requesting for 12-13 years.

Dkt. 1 at p. 2. In terms of relief, Mr. Davis seeks to "[f]ix the criminal legal system and restore our equal rights." Dkt. 1 at 4.

Attached to the complaint is a petition for discovery of evidence which asks the court for "removal of criminally implanted Artificial Intelligence (AI) in left middle ear." There are also documents which reflect that Mr. Davis has the same or similar claims pending in the Hancock Superior Court.

Finally, the record reflects that Mr. Davis has filed a motion for injunctive relief which reflects that he believes that the defendant U.S. Presidential Task force is taping his conversations through the "Artificial Intelligence" in his body. He writes:

> ☒ other (describe): Have defendant identify location of AI (Artificial Intelligence) in body for removal. They are knowingly violating attorney-client priviledges with illegally implanted AI tapping conversation.

Dkt. 6 at page 2.

"District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service." *Hoskins v. Poelstra*, 320 F.3d 761, 762 (7th Cir. 2003). Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359 (1959)). That is the case here. Mr. Davis may genuinely believe that the United States has a task force that implanted a device in his body and is currently listening to his conversations but that belief is so implausible that it cannot be the basis of a federal claim.

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co.,* 523 U.S. at 94 ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

Judgment dismissing this action for lack of jurisdiction shall now be entered. All pending motions, dkts. [2], [4], [5], and [6], are **denied as moot**.

**IT IS SO ORDERED.**

Date: May 7, 2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GENE THOMAS DAVIS
747 Streamside Drive
Greenfield, IN 46140